## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

DAVON ROSE,

               Plaintiff,

   v.

STATE OF CONNECTICUT,
DEPARTMENT OF CORRECTIONS
OSBORN MEDICAL DEPARTMENT,

          Defendants.

Civil Action No.
3:16-CV-1389 (CSH)

MARCH 30, 2017

## INITIAL REVIEW ORDER

**HAIGHT, Senior District Judge:**

Plaintiff Davon Rose, incarcerated and *pro se*, has filed a Complaint [Doc. 1] under 42 U.S.C. § 1983 against the State of Connecticut and the Department of Correction Osborn Medical Department (collectively "Defendants") for alleged indifference to his serious medical needs in violation of the Eighth Amendment.[1]  Specifically, Plaintiff alleges that a doctor at the Hospital of Central Connecticut in New Britain "diagnosed [him] with sleep apnea," a disorder  which causes him to stop breathing in his sleep.  Doc. 1, at 2.   As a result, a medical doctor "prescribed a (C-

---

[1] Plaintiff filed his complaint on August 12, 2016; and his motion to proceed *in forma pauperis* was granted on August 22, 2016.

     The Court notes that, in his complaint, Plaintiff refers to the "Department of Correction*s*," as opposed to that department's proper title of "Department of Correction."  Moreover, the Court takes judicial notice that Osborn Medical Department is a medical unit, including an inpatient hospital, located at the Osborn Correctional Institution, a  medium security prison facility located at 335 Bilton Road, Somers, Connecticut.  *See* http://www.ct.gov/doc/cwp/view.asp?q=265440.

1

PAP) machine" to assist with his sleep disorder – to avoid the "risk [of] high blood pressure," a "possible stroke," or death.[2]  *Id.*  Plaintiff alleges that the "D.O.C." (Department of Correction) informed him that due to budgetary problems ("budget and financial reasons"), he would not be provided with such a machine. *Id.*  He therefore continues to suffer with his health and life at risk. *Id.*  As compensation for such suffering, Plaintiff prays for $50,000.  *Id.*, at 5.

## I.  LEGAL STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, the  court must review a prisoner's civil complaint and dismiss any portion that "(1) is frivolous,  malicious, or  fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  *See* 28 U.S.C.  § 1915A(b)(1)-(2).   Although detailed allegations are not required, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The alleged facts must be sufficient to afford the defendants fair notice of the claims and the grounds upon which the claims are based.  *Twombly*, 550 U.S. at 555-56.  The complaint must provide "more than the unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678.   "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).

---

[2]   The Court takes judicial notice that in the medical community, a "C-PAP" machine provides "continuous positive airway pressure (CPAP) therapy" with a "small machine that supplies a  constant  and  steady  air  pressure,  a  hose,  and  a  mask  or  nose  piece."  *See* http://www.mayoclinic.org/diseases-conditions/sleep-apnea/in-depth/cpap/art-20044164.

Furthermore, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  *See also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (When the plaintiff proceeds *pro se*, a court is "obliged to construe his pleadings liberally.") (quoting *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)).   A *pro se* complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim." *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005).

In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments that they suggest."  *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007*)* (same)*; Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).  Despite being subject to liberal interpretation, a *pro se* plaintiff's complaint must still "state a claim to relief that is plausible on its face." *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

## II.  FACTUAL ALLEGATIONS

Reading the allegations in the light most favorable to Plaintiff, the facts contained in the Complaint include the following. In 2009, Plaintiff was diagnosed with sleep apnea at the Hospital of Central Connecticut in New Britain. Doc. 1, at 2. The condition of sleep apnea causes Plaintiff "to stop breathing in [his] sleep," to wake up "gasping for air," and to experience "bad headaches." Due to the severity of this sleep disorder, a medical doctor prescribed a C-PAP

3

machine, instructing Plaintiff that he must use it to avoid the risk of high blood pressure, possible stroke, or death.  *Id.*

The Hospital's medical records regarding Plaintiff's sleep apnea, including his need for a C-PAP machine, were made available to the medical records unit of the Osborn Correctional Institution. *Id.*  A "D.O.C." official at the correctional facility informed Plaintiff that due to "budget and financial reasons," no C-PAP machine would be provided.  *Id.*   Plaintiff thus continues to suffer  from the symptoms and risks of sleep apnea.  *Id.*, at 5.

### III.  DISCUSSION

**A.**    **Section 1983 Claim**

In his Complaint, Plaintiff seeks damages for Defendants' alleged violation of his Eighth Amendment right to be free from cruel and unusual punishment, which includes the "unnecessary and wanton infliction of pain." *See Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981).  "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Although Plaintiff mentions no specific statute, if the Court construes his complaint liberally, it finds that Plaintiff's claim arises under 42 U.S.C. § 1983, the federal civil rights statute which protects prisoners from prison officials' failure to provide adequate medical care for their serious medical needs.[3]

---

[3]  Title 42 U.S.C. § 1983 provides, in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

**B.**     **Claims against the State of Connecticut and Department of Correction Osborn Medical Department**

To state a claim under section 1983, the plaintiff must allege facts showing that the defendant, a person acting under color of state law, deprived him of a federally protected right. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982). In the case at bar, the two named defendants are the State of Connecticut and the Department of Correction Osborn Medical Department.

"[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, the State of Connecticut and its state agencies are not considered "persons" within the meaning of section 1983. As discussed by Judge Underhill in *Angileri v. Wu*, No. 3:16-CV-352(SRU), 2016 WL 3579073, at *3 (D.Conn. June 28, 2016):

> The Department of Correction is a state agency. *See Vaden v. Connecticut*, 557 F. Supp. 2d 279, 288 (D.Conn. 2008); *Garris v.* [*Dep't*] *of Corr*[.], 170 F. Supp. 2d 182, 186 (D. Conn. 2001). Like other state agencies, the Department of Correction is not a person within the meaning of section 1983. *See Santos v. Dep't of Corr.*, [No. 3:04-CV-1562 (JCH)], 2005 WL 2123543, at *3 (D. Conn. Aug. 29, 2005) (observing that "[n]either a Department of Correction nor a correctional institution is a person" subject to liability under section 1983); *Torrence v. Pelkey*, 164 F. Supp. 2d 264, 271 (D. Conn. 2001) (same).

Because Plaintiff may not assert a § 1983 claim against the State of Connecticut, his claim must be

---

Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

dismissed as lacking an arguable legal basis. *See* 28 U.S.C. § 1915A(b)(1).

Similarly, as a unit of the Department of Correction, a state agency, the Osborn Medical Department is not a "person" within the meaning of § 1983.   As part of the Department of Correction, a medical department within a correctional facility is a unit of that agency.  *Santos*, 2005 WL 2123543, at *3.   Therefore, construing Plaintiff's claim as arising under § 1983, that claim against Osborn Medical Department is not viable.  *See, e.g.,  Remillard v. Maldonado*, No. 3:15-CV-1714(SRU), 2016 WL 3093358, at *2 (D.Conn. June 1, 2016); *Torrence v. Pelkey*, 164 F. Supp. 2d 264, 271 (D. Conn. 2001); *Santos*, 2005 WL 2123543, at *3.

In sum, neither the State of Connecticut nor the Department of Correction Osborn Medical Department is a "person" within the meaning of 42 U.S.C. § 1983.  Plaintiff's § 1983 claim against each of these defendants must be dismissed as failing to state a claim.

## IV.  CONCLUSION

The Court enters the following ORDERS:

(1)   Plaintiff's § 1983 claim (for violation of his Eighth Amendment right to be free from cruel and unusual punishment) against the State of Connecticut and Department of Correction Osborn Medical Department fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915A(b)(1).  That claim, as against each defendant,  is DISMISSED in its entirety.

(2)   In light of Plaintiff's *pro se* status, the Court affords him leniency and grants him the opportunity to file an amended complaint, if so advised, identifying and naming as defendant an individual who, acting under color of state law,  denied him the C-PAP machine for alleged financial reasons.  Plaintiff must file such amended complaint, if any, by **Friday, April 28, 2017**.  If Plaintiff fails to file an amended complaint by that deadline, the Clerk is directed to enter judgment and close

this case.

(3)     Any amended complaint shall be filed using the Prisoner E-filing Program.

It is SO ORDERED.

Dated:   New Haven, Connecticut
              March 30, 2017

                                                      */s/Charles S. Haight, Jr.*
                                                      CHARLES S. HAIGHT, JR.
                                                      Senior United States District Judge